**William P. CURL and Mary R. Curl,
Appellants,**

v.

**SPARKLE BRITE, INC., Appellee.**

Court of Appeals of Kentucky.

Feb. 7, 1975.

Herman E. Frick, Carl K. Helman, Louisville, for appellants.

Thomas C. Mapother, Mapother & Mapother, Louisville, for appellee.

VANCE, Commissioner.

The appellants obtained judgment against Robert H. Riggs in the sum of $11,368.11. Robert H. Riggs is an employee of the appellee, Sparkle Brite, Incorporated.

Subsequent to the entry of the judgment against Riggs an attachment was issued and served upon Sparkle Brite as garnishee. Sparkle Brite answered that Riggs was indebted to it in the sum of $12,500.00 for advancements made to him and that

the proceeds of Riggs' salary had been applied weekly to the reduction of that debt. By reason of that fact Sparkle Brite answered that it had no funds of Riggs' in its hands subject to garnishment.

Appellants deemed the answer of the garnishee insufficient and thereupon filed a motion in their action against Riggs for a judgment on the pleadings against Sparkle Brite, the garnishee.

The trial court denied the motion for judgment.

The primary issue for review is the contention of appellants that KRS 425.210 enacted by the General Assembly in 1970 conferred new rights upon attaching creditors which did not theretofore exist.

KRS 425.210(1) provides:

"An order of attachment or garnishment of earnings, as defined in KRS 427.005, shall create a lien on all non-exempt earnings earned during the pay period in which the order is served on the employer, * * * or where the employe has been paid in advance for the pay period in which the order is served, also on all non-exempt earnings earned during the next succeeding pay period."

■ Unpaid wages in the hands of an employer but due to an employee constitute an indebtedness of the employer to the employee, and long prior to the enactment of KRS 425.210 an attachment and garnishment upon an employer created a lien upon the wages due the employee.

■ As a general rule a garnishee may set off in garnishment proceedings whatever demand he might be able to set off against the principal defendant's claim on him. 6 Am.Jur.2d, Attachment and Garnishment, Sections 372, 464 and 486. We have held that an attaching creditor can acquire no greater right in attached property than the attachment-defendant

has at the time of the attachment. He simply obtains by his attachment such right as the debtor then had. Humphries v. Fitzpatrick, 253 Ky. 517, 69 S.W.2d 1058 (1934).

Appellants claim KRS 425.210 created a lien not on unpaid wages but upon "earnings," and the lien is extended in certain circumstances to subsequent pay periods for which no wages could be due at the time of the service of the garnishment. Consequently appellants argue that the lien given by KRS 425.210 is not based upon indebtedness but is a new and different lien from any that existed theretofore and cannot be offset by indebtedness of the employee to the employer.

KRS 425.210 expressly recognizes that the lien upon non-exempt earnings cannot attach when the employee has been paid by way of advancements and nothing is due to him for the pay period when the attachment was served. It expressly provides in those cases that the lien shall attach to the succeeding pay period. This in effect recognizes the prior claim of an employer to recover advancements made to an employee.

While it may be argued that the attachment of the lien to future earnings does not rest upon an indebtedness, it can readily be seen that unless the employee continues work for the employer during the succeeding pay period and thus creates an indebtedness of the employer to employee there would be no fund to which the lien could attach in any subsequent pay period.

■ Although KRS 425.210 extends the lien of an attaching creditor to future non-exempt earnings, it does not nullify the right of an employer to set off as against an attaching creditor such amounts which the employer could validly set off against the claim of the employee.

The judgment is affirmed.

All concur.